# EXHIBIT A

E-FILED
3/6/2020 4:44 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
20CV364939
Reviewed By: P. Lai

Brandon S. Reif (SBN 214706)
Ohia A. Amadi (SBN 268876)
Lisa M. Foutch (SBN 293413)
**REIF LAW GROUP, P.C.**
1925 Century Park East, Suite 1700
Los Angeles, CA 90067
Tel: 310.494.6500
Email: Docket@reiflawgroup.com

Jon C. Furgison (SBN 205761)
FURGISON LAW GROUP, P.C.
445 31st Street
Hermosa Beach, CA 90254
Tel: 310.356.6890
Email: jon@furgisonlawgroup.com

Attorneys for Plaintiffs
GEORGE HARVEY AND LINDA HARVEY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

SANTA CLARA COUNTY SUPERIOR COURT

| | |
|---|---|
| GEORGE HARVEY and LINDA HARVEY, individually and on behalf of their joint and individual retirement accounts,<br><br>Plaintiffs,<br><br>v.<br><br>PENN MUTUAL LIFE INSURANCE COMPANY, a Pennsylvania corporation; DOUGLAS ANDREW, an individual; PARAMOUNT FINANCIAL SERVICES, INC., a Utah corporation dba UTAH PARAMOUNT FINANCIAL INSURANCE SERVICES and dba LIVE ABUNDANT; KARL M. NELSON, an individual; and DOES 1-5, inclusive,<br><br>Defendants. | CASE NO.: 20CV364939<br><br>**PLAINTIFFS' COMPLAINT FOR:**<br><br>1. **PROFESSIONAL NEGLIGENCE**<br>2. **NEGLIGENT MISREPRESENTATION**<br>3. **BREACH OF FIDUCIARY DUTY**<br>4. **CAL. FINANCIAL ELDER ABUSE**<br>5. **VIOLATIONS OF CALIFORNIA BUS. & PROF. CODE § 17200, ET SEQ.**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs George Harvey and Linda Harvey (collectively, "Plaintiffs") allege as follows;

## I.      THE PARTIES

1.      Plaintiff George R. Harvey is, and at all times relevant was, residing in the State of California in Santa Clara County.  Plaintiff was born in 1941 and is 78 years of age.  He was over the age of 65 at the time when the misconduct and damages occurred as set forth herein.  Plaintiff asserts his rights under the California Financial Elder Abuse Statute.

2.      Plaintiff Linda Harvey is, and at all times relevant was, residing in the State of California in Santa Clara County.  Plaintiff was born in 1947 and is 72 years of age.  She was over the age of 65 at the time when the misconduct and damages occurred as set forth herein.  Plaintiff asserts her rights under the California Financial Elder Abuse Statute.

3.      Defendant The Penn Mutual Life Insurance Company ("PMLIC"), is a Pennsylvania corporation, with its principal place of business in Horsham Township, Pennsylvania.  It is, and at all relevant times was, licensed in the State of California to offer and sell life insurance.

4.      Defendant Douglas R. Andrew ("Andrew") is a Utah citizen residing in Salt Lake City, Utah.  Upon information and belief, Andrew maintains a permanent office in the State of California but, at all relevant times, was not licensed in the State of California to offer and sell life insurance, annuities or securities.  Upon information and belief, at all relevant times Andrew was not registered or licensed with FINRA or the SEC to offer or sell securities to California citizens.  None of Andrew's communications with Plaintiffs disclosed a California Department of Insurance license number or authorization to offer or sell securities.

5.      Defendant Karl Nelson ("Nelson") is a Utah citizen residing in Salt Lake City, Utah.  Upon information and belief, at all relevant times Nelson was not licensed in the State of California to offer and sell life insurance, annuities or securities.  Upon information and belief, at all relevant times Nelson was not registered or licensed with FINRA or the SEC to offer or sell securities to California citizens.  None of Nelson's communications with Plaintiffs disclosed a California Department of Insurance license number or authorization to offer or sell securities.

6.      Defendant Paramount Financial Services, Inc. dba Utah Paramount Financial

1    Services, Inc. and Live Abundant (collectively, "Live Abundant") is a Utah corporation that holds

2    itself out as offering financial and insurance services with their principal place of business in Salt

3    Lake City, Utah and offices in the State of California.  At the time of the filing of this action, Live

4    Abundant was not licensed with the State of California Department of Business Oversight

5    ("DBO") to conduct business with California citizens.  Upon information and belief, at all

6    relevant times Live Abundant was also not licensed with FINRA or the SEC to offer or to sell

7    securities to California citizens. The California Department of Insurance does not currently list

8    Live Abundant as an appointed agent with PMLIC and it does not appear to be authorized to

9    transact PMLIC insurance business with California citizens.

10          7.       PMLIC, Live Abundant, Andrew and Nelson are collectively described as

11   "Defendants" in this action.

12          8.       Nonparty IRA Services Trust Company ("ISTC") is a non-depository trust

13   company regulated by the state of South Dakota Division of Banking. It is authorized to act as a

14   custodian of self-directed individual retirement accounts ("IRA"). It is a custodian, trustee, and

15   escrow/paying agent headquartered in Sioux Falls, South Dakota with a California office location

16   at P.O. Box 7080 San Carlos, CA 94070-7080.  ISTC is not named as a Defendant in this action.

17          9.       At all relevant times to this action, Nelson was an authorized and appointed agent

18   with PMLIC with authorization and authority to transact PMLIC's insurance business.

19          10.      PMLIC processed Nelson's insurance applications submitted on behalf of

20   California residents even though, upon information and belief, Nelson was not licensed to offer or

21   sell insurance in the State of California.

22          11.      At all relevant times to this action, Nelson was also an authorized and appointed

23   agent with Live Abundant with authorization and authority to transact insurance business on Live

24   Abundant's behalf.  At all relevant times to this action, the Live Abundant entities were owned

25   and operated Andrew.

26          12.      At all relevant times to this action, Nelson was also acting in the capacity as an

27   authorized agent for ISTC, which took custody of Plaintiffs' qualified (*i.e.* retirement) assets as

28   part of Defendants' insurance and investment scheme.  These collective appointments and

1   authorizations were integral for Defendants' scheme to deprive Plaintiffs of their qualified (*i.e.*
2   retirement) securities assets in order to sell Plaintiffs commission-generating products from
3   PMLIC and nonparty Future Income Payments, LLC. ("FIP").

4       13.     Defendants Andrew and Live Abundant marketed, promoted, and facilitated
5   insurance agents, including Nelson, to sell the "Structured Cash Flow" or "IRA Reboot" artifice
6   to vulnerable, unsophisticated retiree customers.  It was a scheme to sell indexed life insurance
7   with unaffordable premiums in conjunction with a speculative, high-risk investment hoping to
8   generate income to fund the insurance premiums.  It was a gamble that put at substantial risk the
9   public consumers' retirement assets in order to enrich the Defendants with commissions and
10  custody of assets for unlawful, actionable purposes.

11      14.     Plaintiffs are unaware of the true names and capacities, whether individual,
12  corporate, agent, representative, or otherwise, of the Defendants named herein as DOES 1
13  through 5 and therefore sue such Defendants by such fictitious names. Plaintiff is informed and
14  believes and thereon alleges that Does 1 through 5 are persons, corporations, partnership, or other
15  entities that were agents of Defendants, or have directed, approved, committed, colluded with
16  Defendants to commit, participated in, or added and abetted the acts and transactions alleged in
17  this complaint. Each is therefore liable for the acts alleged in this complaint. The true names,
18  capacities, and/or roles of Does 1-5 are unknown to Plaintiffs, and Plaintiffs will amend this
19  complaint when their true names and roles are known.

20      15.     Plaintiffs allege, on information and belief, that, at all material times herein
21  mentioned, each Defendant was the agent, principal, servant, representative, employer, employee,
22  joint venturer, co-conspirator, partner, parent, subsidiary, affiliate and/or alter ego of each and
23  every other Defendant and, in doing the things hereinafter alleged, was acting within the course
24  and/or scope of such authority as the agent, principal, servant, representative, employer,
25  employee, joint venturer, co-conspirator, partner (of any kind), parent, subsidiary, affiliate, and/or
26  alter ego with the authority and consent of the remaining co-Defendants except where otherwise
27  specifically described.

28      16.     Plaintiffs are informed and believe, and on that basis, allege that Defendants

1   conspired to and did commit the inequitable, tortious and/or unlawful acts herein alleged in

2   furtherance of their conspiracy to accomplish their unlawful purposes. Defendants, and each of

3   them, caused injury to Plaintiffs.

## II.  JURISDICTION AND VENUE

5   17.   Jurisdiction and venue are proper in this Court under California Code of Civil

6   Procedure §§ 395(a), 395(b), 395.5, *et. seq.* because a substantial part of the events or omissions

7   giving rise to the claims occurred in this County in that the relationships and conduct at issue in

8   this case were entered into with and affected Plaintiffs who are residents of this County.

9   18.   Defendants are subject to jurisdiction and venue in this County because they

10  engaged in professional activities with Plaintiffs in this County.  Defendants' professional

11  activities were offered and provided to Plaintiffs, elderly consumers in this County.  Defendants'

12  professional activities required licensing and registration with the State of California under the

13  corporations and insurance codes, yet Andrew, Nelson and Live Abundant were not certificated

14  nor authorized to conduct business with California citizens.

15  19.   PMLIC is an out-of-state company licensed with the California Department of

16  Insurance and the California Department of Business Oversight, so it is subject to general

17  jurisdiction of this State.  It is also subject to specific jurisdiction in this State because PMLIC

18  participated in the professional services offered and provided to Plaintiffs.

## III.  OPERATIVE FACTS

20  20.   In January 2016, at the onset of the professional relationship, Defendants were

21  made aware that Plaintiffs intended to retire within the next one to four years.  Plaintiff George

22  Harvey is a United States Veteran who served as a Naval Officer. After completion of his four-

23  and-a-half-year commitment to the U.S. Navy, he worked for some 48 years in the private sector

24  as a manufacturing and supply chain manager for multiple tech companies. His wife, Plaintiff

25  Linda Harvey, prior to her retirement, worked as part of the administrative team for an elementary

26  school in the public-school system. Through the duration of their careers, their combined salaries

27  afforded a modest but comfortable lifestyle for themselves and their children.  Though they had

28  saved in earnest, Plaintiffs were concerned with not only having enough money to sustain them

through their retirement years, but also desired to protect and grow their hard-earned savings to ultimately have assets to pass onto their heirs.

21.     Plaintiff Linda Harvey retired on June 30, 2014.  She receives approximately $1,243 per month in Social Security benefits and a monthly pension of approximately $1,500 per month.  Plaintiff George Harvey retired on January 31, 2017. He receives approximately $3,600 per month in Social Security benefits and some dividends from assets held.  Plaintiffs have a combined household annual income of approximately $79,000 per year.

22.     In early January 2016, Plaintiff Linda Harvey heard a radio broadcast advertisement for Live Abundant. The broadcast advertised that Live Abundant would be holding a live seminar event near where Plaintiffs lived.  The Live Abundant radio advertisement emphasized that the seminar would focus on retirement financial health.  As this was a topic of great concern for the Plaintiffs, Linda Harvey was interested in attending Live Abundant's seminar in hopes of receiving financial guidance and help. She contacted Live Abundant to register for the event.

23.     In early January 2016, Plaintiff Linda Harvey attended the Live Abundant seminar hosted by the founder of Live Abundant, Defendant Douglas Andrew, who touted financial planning strategies for creating a tax-free retirement and the processes for income generation. The advertising materials prepared and utilized by Andrew and Live Abundant described themselves as "Wealth Architects", a fictitious title intended to denote wealth-building expertise and to encourage the customer's trust and confidence as a fiduciary.  Defendants' marketing materials further described their services with compelling buzz words such as: "True Asset Optimization", "Live Abundant", "Optimize Assets", "Redefine Retirement" and "Generate Authentic Wealth", "We exist to lend ourselves, our families, and our clients to a more abundant life."  These marketing lures were designed to gain the trust and confidence of customers like the Plaintiffs.  None of the marketing materials Live Abundant presented to Plaintiff disclosed a license number or authorization as required to conduct business with California residents.

24.     Under information and belief, neither Andrew nor Live Abundant possessed the requisite insurance nor securities licenses to transact the types of business they conducted with

Plaintiffs as alleged herein.

25.     After the Live Abundant seminar, Plaintiff Linda Harvey discussed with her husband what she had learned during the verbal presentations at the seminar and shared the marketing materials provided to attendees.  The Plaintiffs were interested in learning more about Defendants' advertised approach and strategies for a tax-free retirement, protection from increasing taxes, and generating income during retirement.  So, when Live Abundant offered Plaintiffs the opportunity to speak with an Agent/Producer of Live Abundant, Plaintiffs agreed to be assigned to Defendant Karl Nelson.

26.     Due to the fact that Plaintiffs resided in California and Nelson resided in Utah, all meetings, communications and transactions were conducted via phone, U.S. mail, or electronically.

27.     In early 2016, Plaintiffs had a phone interview with Nelson. During the call Plaintiffs discussed their financial profile, goals and asset information with Nelson, who held himself out as a financial planning expert.  Plaintiffs trusted Nelson, acting on behalf of the other Defendants, because he presented himself in a false light to be a knowledgeable financial professional and trustworthy fiduciary acting in Plaintiffs' best interests.

28.     After examining Plaintiffs' financial profile and portfolio information, Defendants, via Nelson and Live Abundant, recommended on or around March 8, 2016, a financial planning strategy to Plaintiffs—referred to as the "Structured Cash Flow"—that would increase Plaintiffs' income and provide them with long-term growth of their hard-earned assets

29.     Defendants, via Nelson and Live Abundant, recommended that Plaintiffs follow their "Structured Cash Flows" strategy, which was described as a "unique financial vehicle that provides a predictable stream of income with a specific rate of return over a specified time period."  This description was false and misleading because it was not a "predictable" source of income for a specific rate of return. It was a high-risk, illiquid scheme concocted by Defendants to generate excessive fees and to lock up Plaintiffs' retirement capital.

30.     Nelson, acting for Defendants Live Abundant, and PMLIC, in furtherance of their malfeasance, induced Plaintiff George Harvey to finalize his transfer of assets to nonparty ISTC

1    to facilitate the purchase of the FIP Structured Cash Flow product and a Life Insurance Policy.

2          31.    On April 14, 2016, an ISTC Traditional IRA account was established for Plaintiff

3    George Harvey (Account No. IRAxxx911).

4          32.    On May 11, 2016, ISTC IRAxxx911 received a rollover of $190,322.95 from

5    Plaintiff George Harvey's 401k account at Great West Financial. On information and belief, all

6    these funds were utilized to fund the purchase of the FIP Structured Cash Flow product.

7          33.    On May 16, 2016, ISTC IRAxxx911 received a transfer of $191,414.32 from

8    Prudential Annuities Life Assurance Corporation. On information and belief, these funds were

9    derived from the liquidation of an annuity contract Plaintiff George Harvey held through

10    Prudential and were utilized to fund the purchase of the FIP Structed Cash Flow product.

11          34.    On May 24, 2016, ISTC IRAxxx911 received a transfer of $2,634.98 from

12    Plaintiff George Harvey's IRA account at Chase Retirement. On information and belief, all these

13    funds were utilized to fund the purchase of the FIP Structured Cash Flow product.

14          35.    On August 23, 2016, ISTC IRAxxx911 received a transfer of $4,818.00 from

15    Plaintiff George Harvey's account at Merrill Edge.  On information and belief, the majority of

16    these funds were utilized to fund the purchase of the FIP Structured Cash Flow product.

17          36.    Plaintiff George Harvey disclosed to Defendants that he was a California citizen,

18    between the ages of 74-75 years old, which is defined as an elder under California law.

19    Defendants moved forward with their scheme to take advantage of and defraud Plaintiffs, despite

20    failing to possess the appropriate licenses and certificates to offer, recommend or sell this

21    Structured Cash Flow strategy and investment plan.

22          37.    Defendants did not inform or disclose to Plaintiffs that the FIP Structured Cash

23    Flow product was a high-risk transaction involving an unregistered investment that was not

24    approved by the DBO or the SEC.  Defendants did not inform or disclose to Plaintiffs that this

25    structured income stream was a sales practice violation for an elderly veteran living on a fixed

26    retirement income.

27          38.    Defendants did not inform or disclose to Plaintiffs that the liquidation of an

28    annuity contract to fund the purchase of a concentrated, high-risk investment was not only

egregiously inappropriate, but it was also an unlawful sales practice violation.

39.     Defendants failed to inform Plaintiffs that before the time Defendants were recommending FIP to Plaintiffs, FIP was being investigated by regulators in New York, California, Massachusetts, Iowa, Washington, North Carolina, and the Consumer Financial Protection Bureau due to predatory lending practices and preying on senior citizens, veterans and retirees living on fixed pensions or income streams.  Defendants also failed to inform Plaintiffs that FIP President and Manager, Scott Kohn, had a previous criminal conviction.

40.      On October 26, 2016, following Defendants' recommendation to purchase the FIP Structured Cash Flow product, Plaintiff George Harvey executed the FIP Purchase Agreement.

41.     On November 2, 2016, Nelson, acting for Defendants Live Abundant and PMLIC, executed Plaintiff George Harvey's FIP Purchase Agreement as "agent."

42.     On December 16, 2016, ISTC processed the documentation and instructions to complete the purchase of $387,500 of the FIP Structured Cash Flow product. This purchase consumed the majority of Plaintiff George Harvey's IRA funds.  It was an unlawful, concentrated and illiquid investment in a high-risk, non-qualified asset.

43.     On or about December 28, 2016, FIP, LLC., issued to Plaintiff George Harvey a formal notice of acceptance and an Amortization Schedule for his purchase of $387,500 of FIP, identified as "PR 3171."  These FIP documents provided a detailed description of each loan processed through PR 3171. The Amortization Schedule reflected a lump-sum amount of $387,500 being credited to PR 3171 on January 10, 2017, which was also the date that cash flow payments of $7,590.79 would commence and continue for 60 months ending on December 10, 2021. The Amortization Schedule calculated the total yield of interest earned over the 60-month term to be $67,947.  Therefore, Plaintiff was falsely led to believe that his original investment of $387,500 would grow by $67,947 to a total of $455,447.

44.     Plaintiffs were unaware and uninformed, from the onset of their relationship with Defendants, that rolling over and consolidating their retirement accounts into the ISTC IRA would cause Plaintiffs to incur unforeseen tax obligations and penalties, and deprive them of low-cost, conflict-free management of their retirement assets.

45.     Plaintiffs were unaware and uninformed by Defendants that using tax-deferred funds from their ISTC IRA to fund the PMLIC life insurance policy and FIP would cause them to incur tax obligations and penalties.  Defendants never warned Plaintiffs of these risks or about the unlawful nature of the recommendations and subsequent transactions.

46.     Plaintiff George Harvey's ISTC IRA account carried the FIP interests on its periodic account statements and reflected the account representative as "Karl Nelson".  Nelson was not licensed to serve as account representative on Plaintiff's ISTC IRA account.  Plaintiff George Harvey's ISTC IRA account managed by Nelson reflected deposits, withdrawals and interest income from FIP on the periodic account statements, knowledge of which is imputed to PMLIC, Live Abundant and Andrew.  These inappropriate FIP transactions through Plaintiff's ISTC IRA account would not have occurred "but for" the Defendants' involvement, through Nelson.  Defendants acted without the requisite licenses to buy, sell and manage investments for elderly consumers using qualified funds to purchase nonqualified investments; buying uncertificated, unregistered investments; receiving income from the unlawful investments and reporting income taxes.

47.     After Defendants' recommended purchase of $387,500 invested in FIP PR 3171 was completed and finalized in January 2017, Defendants focused on the second stage of their Structured Cash Flow strategy: for Plaintiffs to expend additional assets, inclusive of the FIP income stream payments, towards the purchase of a PMLIC life insurance policy in furtherance of Defendants' scheme to generate excessive fees and to lock-up unsophisticated consumer retirees' retirement capital.

48.     On April 7, 2017, Nelson, acting for Defendants Live Abundant and PMLIC, revised his original product recommendation from a different insurance carrier and instead, recommended a life insurance product offered through PMLIC for comparison purposes. Nelson continued to emphasize the recommended PMLIC life insurance product's high death benefit feature and generous loan rates. However, Plaintiff George Harvey was identified to have a medical history that would make it difficult to obtain a policy as the sole insured.  So, Nelson advised Plaintiffs to request a PMLIC life insurance policy as joint applicants naming both

Plaintiffs as the insured even though the joint insured policy Nelson recommended and offered was neither suitable nor in the best interest of the Plaintiffs.

49.    On April 13, 2017, Plaintiffs received electronically from Live Abundant the PMLIC application along with instructions on how to complete and return the application.

50.    On April 26, 2017, Plaintiffs completed and executed the life insurance application to purchase a PMLIC Last Survivor Flexible Premium Adjustable Indexed Life Insurance Policy, also known as a "Survivorship Plus IUL".  The Plaintiffs, at the urging of Defendants via Nelson, requested a policy face amount of $500,000 and a total initial coverage amount of $500,000. The Plaintiffs paid an initial partial premium of $1,861.51 from their joint checking account. Subsequent premium payments in the amount of $3,419 were funded from Plaintiff George Harvey's ISTC IRA account.

51.    Plaintiffs had never owned a complex life insurance policy and was unaware of its existence until the Survivorship Plus IUL was strongly recommended by Defendants through Nelson, Live Abundant and PMLIC.  Defendants never fully presented the complexities of the Survivorship Plus IUL policy to Plaintiffs in an easily understandable manner.  Discovery in the case may uncover additional marketing and sales practice violations by Defendants.

52.    Nelson, acting for Defendants, inaccurately prepared Plaintiffs' Survivorship Plus IUL paperwork, but PMLIC processed it anyway.  The PMLIC application requested information regarding the source of premiums, which Defendants knew and intended to be funded from income generated from the FIP Structured Cash Flow.  But the information provided on Plaintiffs' application inaccurately specified that the premiums would be funded from Plaintiffs' personal income and personal liquid assets.

53.    On August 29, 2017, PMLIC issued the Last Survivor Flexible Premium Adjustable Index Life Insurance Policy to Plaintiffs with an effective policy date of August 28, 2017. The policy reflected the following features: Insured A: George R. Harvey; Insured B: Linda Harvey; specified amount of $500,000; initial premium of $22,338; annual premiums of $22,338; monthly no-lapse premiums of $358.30; and a no-lapse date of August 28, 2027. However, Plaintiffs were encouraged by Defendants to accelerate their premium payments to $40,000 per

year ($3,419/month) to build equity in the policy and allow Plaintiffs, if necessary, to borrow against the policy at a reasonable rate. Additionally, the premium payments could apply to covering the RMD.  The FIP income stream was expected to more than cover Plaintiffs' policy premiums.

54.     PMLIC's schedule of benefits also reflected: a Last Survivor Adjustable Life Insurance; an Overloan Protection Benefit Agreement; an Accelerated Benefit for Chronic Illness; an Accelerated Death Benefit Agreement; a Supplemental Exchange Agreement; and a Policy Split Option Agreement.  But Defendants never fully explained to Plaintiffs the nature of these benefit rider agreements.

55.     In or about April 2018, FIP collapsed and so too did the viability of Plaintiffs' Survivorship Plus IUL policy.  Soon thereafter, FIP ceased making the income stream payments to Plaintiffs that were the basis for funding their life insurance policy. Plaintiffs were in fear of losing the policy and therefore continued to make the monthly $3,419 insurance premium for approximately 13 months with funds sourced from their own cash reserves.

56.     Plaintiffs were not informed by Defendants that they could make a lower premium payment. Plaintiffs believed that they needed to continue to pay the level established by Defendant Nelson because they thought the policy might lapse. The situation became untenable as Plaintiffs were rapidly depleting their ISTC IRA's cash account level at an accelerated rate.

57.     On April 30, 2019, Nelson advised Plaintiffs to contact PMLIC to request specific policy information pertaining to their current accumulation value, surrender value, cash value and illustration.  Following Nelson's advice, Plaintiffs requested one illustration reflecting no further payments due, a death benefit at $500,000, with no loans taken against the policy; a second illustration reflecting a lower death benefit with the earliest year possible; and a third illustration reflecting a maximum funding of the policy for a full three years, reducing the death benefit to the lowest level possible in the earliest possible year, with no loans against the policy.

58.     PMLIC sent the requested documentation to Plaintiffs but Plaintiffs didn't understand the implications of these different illustrated scenarios that Nelson had advised them to request. In addition, Plaintiffs were under the impression that Nelson was no longer associated

1   with PMLIC.  After losing confidence and trust in Nelson and his advice, Plaintiffs felt their only

2   option was to request PMLIC to reduce their monthly premium obligations.

3            59.      In May 2019, Plaintiffs were compelled to request PMLIC to lower the annual

4   premium to a level that Plaintiffs could reasonably afford on their fixed retirement income.

5   Though PMLIC offered Plaintiffs relief from the higher, accelerated premium and lowered their

6   payment obligation to $155 per month, this offer was made by verbal agreement over the phone.

7   Plaintiffs have not received confirmation from PMLIC that a formal premium reduction was

8   made or agreed upon. Nor have Plaintiffs received information about the ramifications of their

9   lower premium payment amount.

10           60.      They only later understood that the change had negative implications for Plaintiffs

11  that would continue to be magnified as time went on. The direct negative impact affected the

12  growth potential for Plaintiffs' Survivorship Plus IUL policy resulting in a potentially lower death

13  benefit, cash value, and surrender value over time.  Such financial repercussions were neither

14  previously nor properly disclosed to Plaintiffs. And due to their extreme financial impairment,

15  Plaintiffs were left with no choice but to accept the new PMLIC terms as offered due to

16  Defendants' fraudulent and negligent behavior.

17           61.      Defendants blamed others for the erosion of Plaintiffs' retirement assets, which

18  were false and misleading statements.  And in furtherance of their attempts to mislead Plaintiffs

19  and conceal their malfeasance, Defendants presented that they had engaged legal counsel to

20  pursue remedies on behalf of Plaintiffs. It was not disclosed to Plaintiffs that such representation

21  would be a direct conflict of interest and was done with the intent to deflect any perceived

22  wrongdoing attributable to the Defendants.

23           62.      Plaintiffs only discovered Defendants' potential misconduct in April 2018, when

24  Plaintiffs received notification that the FIP entity was ceasing payments. Up until that time,

25  Plaintiffs relied on Defendants as their financial experts and trusted fiduciaries, diligently

26  followed Defendants' recommendations and as a result, have suffered the dire consequence of

27  losing a substantial portion of their overall net worth and retirement assets.

28

## IV.     PUNITIVE DAMAGES, TREBLE DAMAGES AND BURDEN-SHIFTING

63.     Defendants engaged in malice, oppression, or fraud pursuant to California Civil Code § 3294.  Further, the individual employees of the corporate entity Defendants who committed these wrongful acts and omissions were either officers, directors, or managing agents of such Defendants or such Defendants authorized their employees' misconduct or subsequently adopted or approved their wrongful conduct such that such Defendants are liable for punitive damages based on their employees' conduct.

64.     Defendants were persons "engaged in the business of advising others for compensation as to the advisability of purchasing, holding or selling property for investment and who represent[ed]" themselves to be experts but failed to perform with "the due care and skill reasonably to be expected of a person who is such an expert."  California Civil Code § 3372. Defendants' advice and recommendations in this action was part of their strategy to sell life insurance and other products as investment vehicles. Defendants violated California Civil Code § 3372, which is a burden-shifting statute that they must prove they met the standard of care for similar experts.

65.     Defendants engaged in unlawful conduct under California Civil Code § 3345 and Code of Civ. Proc. § 1029.8, involving a senior citizen or disabled person residing in California. The remedy for a finding under this statute includes a fine, civil penalty or other remedy up to three times greater than authorized by the statute or the amount awarded by the trier of fact.

66.     Defendants' misconduct constituted undue influence over Plaintiffs under California Civil Code § 1575 and Welfare & Institutions Code § 15610.70 as set forth in this action.

67.     Defendants engaged in violations of California Insurance Code § 790.02 among other insurance codes and practices.

68.     These allegations and prayer for relief are pled for every cause of action below for which these remedies may be applicable.

**FIRST CAUSE OF ACTION**

**(PROFESSIONAL NEGLIGENCE AGAINST**

**ALL DEFENDANTS AND DOES 1-5 INCLUSIVE)**

69.     Plaintiffs incorporate by reference all preceding and subsequent paragraphs as though fully set forth herein.

70.     Plaintiffs allege that Defendants, and each of them, owed the Plaintiffs the duty of care applicable to similar professionals and professional entities.  The standard of care applicable may be heightened because Defendants held themselves out as experts in insurance, wealth accumulation, financial planning and structuring to maximize assets and to reduce tax impairments and penalties.

71.     For instance, Defendants represented to Plaintiffs that Plaintiff George Harvey should liquidate his current retirement assets and transfer them to a new custodial IRA account to facilitate the purchase of their PMLIC policy and FIP. Defendants led Plaintiffs to believe they would be able to afford the insurance premium payments from the onset and, later continue to fund premium payments with the income stream received from FIP.  Plaintiffs were also led to believe they could predictably expect to receive the FIP income stream as well as the proposed death benefit of $500,000 as specified under their PMLIC life insurance policy's Accelerated Death Benefit Agreement.  Defendants neglected to properly disclose all the tax impairments, consequences and liabilities of these transactions.  All the advice, recommendations and conduct in this action is actionable.

72.     Plaintiffs allege that Defendants, and each of them, breached their duties of care.

73.     Defendants' breach of their respective duties of care proximately caused Plaintiffs emotional and financial harm and said harm was a substantial factor in causing Plaintiff's harm, including the expectation of the proposed death benefit of $500,000 and the other remedies in the prayer for relief.

## SECOND CAUSE OF ACTION

### (NEGLIGENT MISREPRESENTATION AGAINST

### ALL DEFENDANTS AND DOES 1-5 INCLUSIVE)

74.     Plaintiffs incorporate by reference all preceding and subsequent paragraphs as though fully set forth herein.

75.     Plaintiffs are informed and believe, and based thereon allege that Defendants, and each of them, made negligent misrepresentations to Plaintiffs as set forth above.

76.     For instance, Defendants represented to Plaintiffs that: Plaintiff George Harvey should liquidate his current retirement assets and transfer them to a new custodial IRA account; that Plaintiffs jointly needed to purchase a life insurance product and FIP; that Plaintiffs would be able to afford their premiums from the onset and, later, through FIP's Structured Cash Flow income stream; and that Plaintiffs could predictably expect to receive the FIP income stream as well as the proposed death benefit of $500,000 as specified under their PMLIC life insurance policy's Accelerated Death Benefit Agreement.

77.     Defendants neglected to properly disclose all the tax impairments, consequences and liabilities of these transactions.  All the advice, recommendations and conduct in this action is actionable.

78.     Defendants intended that Plaintiffs rely on their advice and knew that Plaintiffs would be living on a fixed budget in retirement and that these liquid assets were irreplaceable. They also knew Plaintiffs' ages, and that Plaintiffs were elderly California citizens during a significant part of the relevant time period.

79.     Defendants' breach of their respective duties of care proximately caused Plaintiffs emotional and financial harm and said harm was a substantial factor in causing Plaintiffs' harm, including their expectation of the proposed death benefit of $500,000 and the other remedies in the prayer for relief.

### THIRD CAUSE OF ACTION

### (BREACH OF FIDUCIARY DUTY AGAINST

### ALL DEFENDANTS AND DOES 1-5 INCLUSIVE)

80.     Plaintiffs incorporate by reference all preceding and subsequent paragraphs as though fully set forth herein.

81.     Defendants held themselves out as financial experts in insurance, wealth accumulation, financial management and in investment allocation.  All the acts conducted by Nelson and Andrew were on behalf of themselves, Live Abundant and PMLIC as their authorized and appointed agents.

82.     The fiduciary duty arises not from the procurement of an insurance policy, but from the special relationship Defendants created and cultivated with Plaintiffs, who were at all times relevant elderly individuals, by offering them expert advice regarding their IRA portfolio allocations, selling these positions and repurposing these assets and other liquid assets to buy the PMLIC policy and FIP as investments through a complicated structured finance program endorsed by the Defendants.  The duties the Defendants undertook created the fiduciary duty and they assumed the role as Plaintiffs' fiduciaries based on the depth of their financial advisory relationship, not just the sale of an insurance policy.

83.     Defendants breached their fiduciary duties by engaging in all acts discussed herein.  Defendants put their own interests ahead of Plaintiffs', took action and made recommendations for their own gain at Plaintiffs' expense, and disregarded Plaintiffs' best interests to recommend insurance, investments and a financial wealth plan that did not (and could not) meet their needs.

84.     Defendants concealed material facts from Plaintiffs and misled and deceived them in all the acts discussed herein.  Defendants did not perform proper due diligence or a proper investigation into the PMLIC life insurance policy, the structured income stream, FIP and their overall financial planning advice, as they should have.

85.     Defendants' breach of their respective duties proximately caused Plaintiffs emotional and financial harm and said harm was a substantial factor in causing Plaintiffs' harm,

1  including their expectation of the proposed death benefit of $500,000 as specified under their

2  PMLIC life insurance policy's Accelerated Death Benefit Agreement and the other remedies in

3  the prayer for relief.

## FOURTH CAUSE OF ACTION

### (CALIFORNIA FINANCIAL ELDER ABUSE

### AGAINST ALL DEFENDANTS AND DOES 1-5 INCLUSIVE)

7        86.     Plaintiffs incorporate by reference all preceding and subsequent paragraphs as

8  though fully set forth herein.

9        87.     Plaintiffs asserts their rights under California's financial elder abuse statute

10  because both Plaintiffs were over the age of 65 during all relevant times when Defendants'

11  misconduct occurred.

12        88.     Defendants, and each of them, are liable to Plaintiffs, and each of them, because

13  they violated California's financial elder abuse statute: (i) takes, secretes, appropriates, obtains or

14  retains, any interest in any real or personal property, for a wrongful use, or with intent to defraud

15  or both; or (ii) assists in doing any of the above described acts; or (iii) does any of the above

16  described acts through undue influence.

17        89.     California's financial elder abuse statute focuses on the actionable conduct pled in

18  this civil complaint including the unlawful investment, financial, insurance and wealth

19  management advice, including but not limited to, the liquidation of Plaintiffs' qualified assets to

20  purchase the PMLIC policy and FIP, the transfer of qualified accounts to Defendants'

21  management at ISTC, the tax consequences of utilizing qualified assets to purchase non-qualified

22  assets and the loss of principal and lost opportunity caused by all the Defendants.

23        90.     A conclusive presumption of financial abuse exists under Cal. Welf. & Inst. Code

24  § 15610.30(b) because Defendants, and each of them, knew or should have known that their

25  malfeasance was likely to be harmful to these soon-to-be-retired, California senior citizens.

26        91.     Defendants and their co-conspirators and aiders and abetters exerted duress, fraud,

27  menace, coercion and undue influence over Plaintiffs at the time of these wrongful takings.

28  Plaintiffs seek attorneys' fees and costs of suit under Cal. Welf. & Inst. Code § 15657.5(a).

1    Plaintiffs seek pain and suffering damages under Cal. Civ. Code § 3333.2 and Cal. Welf. & Inst.

2    Code § 15657.5(b)(1).  And Plaintiffs seek punitive and exemplary damages and trebled damages

3    under Cal. Civ. Code §§ 3345, 3294 and other applicable statutes.

4                                   **FIFTH CAUSE OF ACTION**

5              **(VIOLATIONS OF CALIFORNIA BUS. & PROF. CODE § 17200, ET SEQ.**

6                   **AGAINST ALL DEFENDANTS AND DOES 1-5 INCLUSIVE)**

7              92.     Plaintiffs incorporate by reference all preceding and subsequent paragraphs as

8    though fully set forth herein.

9              93.     Defendants not only failed to fulfill their statutory and common law duties, but

10   also engaged in unlawful, unfair or fraudulent business practices and advertising as alleged in this

11   civil complaint.

12             94.     All the acts conducted by Nelson and Andrew were on behalf of themselves, Live

13   Abundant and PMLIC as their authorized and appointed agents.

14             95.     On information and belief, Nelson was not licensed to offer or sell insurance in the

15   State of California.  On information and belief, PMLIC authorized and transacted Plaintiffs'

16   application and issued their Survivorship Plus IUL policy through Nelson, an insurance agent not

17   licensed in the State of California.

18             96.     On information and belief, Andrew and Live Abundant advertised their services in

19   a radio broadcast in Northern California even though Andrew was not licensed in California and

20   did not disclose his lack of licensure.

21             97.     In addition to the wrongful acts set forth herein, Defendants held themselves out as

22   financial experts in insurance, wealth accumulation, financial management and investment

23   allocation, and offered such professional services and products in California to California

24   citizens.

25             98.     Defendants' pattern of conduct and practice to offer and sell insurance products,

26   FIP and financial advisory services were directed to California customers without the proper

27   disclosures or licensure required by the State of California. Defendants encouraged, solicited and

28   advised California customers to fund life insurance policy premiums and FIP investments using

qualified assets or retirement vehicles.  Defendants engaged in professional activities that they were not licensed or certificated to conduct in the State of California including, but not limited to, offering financial advice and recommending the "Structured Income Flow" strategy.

99.     By reason of this and other fraudulent, deceptive, unfair, and wrongful conduct alleged herein, Defendants have violated Cal. Bus. & Prof. Code § 17200, *et seq.*

100.     Each Defendant is also liable as a co-conspirator who participated in and profited from the alleged misconduct.

101.     Pursuant to Cal. Bus. & Prof. Code § 17200, *et seq.*, Plaintiffs are entitled to restitution of all amounts paid to Defendants, including the return of all fees, commissions and charges for the services or products at issue.  Plaintiffs are entitled to reasonable attorneys' fees under any statute or law providing such entitlement, including Cal. Corp. Code § 25501.5(b), Code of Civ. Proc. § 1029.8 and Business & Professionals Code § 16240. Plaintiffs are also entitled to injunctive relief against Defendants' wrongful conduct alleged in this complaint.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them:

1.     Statutory damages, including rescission of all the transactions;

2.     Expectation/consequential damages of $500,000 or an amount according to proof;

3.     Special and general damages in an amount according to proof;

4.     Unjust enrichment in an amount according to proof;

5.     Treble damages under Code of Civ. Proc. § 1029.8, Civil Code § 3345 and Wel. & Inst. Code § 15657.5;

6.     Attorneys' fees and costs of suit under any statute or law providing such entitlement, including Corp. Code § 25501.5(b), Wel. & Inst. Code § 15657.5(a), Code of Civ. Proc. § 1029.8 and Bus. & Prof. Code § 16240;

7.     Pre-judgment interest on all damages at the maximum legal rate;

8.     Punitive and exemplary damages in a sum sufficient to punish Defendants, and deter future repetitions of said or similar conduct;

9.     Restitution relief from Defendants, including the return of all fees, commissions

1   and charges for the services or products at issue;

2       10.    Civil penalties in an amount to be decided by the Court; and

3       11.    For such other further relief as the court may deem just and proper.

4   **<u>JURY DEMAND</u>**

5       Plaintiffs demand trial by jury as to all issues so triable in this action.

6

7

8   **REIF LAW GROUP, P.C.**

    Dated:  March 6, 2020    By:    *Brandon S. Reif*

9       Brandon S. Reif

    Ohia A. Amadi

10      Lisa M. Foutch

11

12      Jon C. Furgison

    FURGISON LAW GROUP, P.C.

13      *Attorneys for Plaintiffs*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Brandon S Reif (SBN 214706); Ohia A Amadi (SBN 268876) Lisa M Foutch (SBN293413) Reif Law Group, P.C. 1925 Century Park East., Ste. 1700, Los Angeles, CA 90067 | **Electronically Filed by Superior Court of CA, County of Santa Clara, on 3/6/2020 4:44 PM Reviewed By: P. Lai Case #20CV364939 Envelope: 4135721** |

TELEPHONE NO.: **(310) 494-6500**   FAX NO. *(Optional):*

ATTORNEY FOR *(Name):* **George Harvey and Linda Harvey**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **SANTA CLARA**
STREET ADDRESS: 191 North First St.
MAILING ADDRESS: 191 North First St.
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME: Downtown Superior Court

CASE NAME:
George Harvey, et al. v. Penn Mutual Life Insurance Company, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: 20CV364939 |
|---|---|---|---|---|
| [x] **Unlimited** (Amount demanded exceeds $25,000) | [ ] **Limited** (Amount demanded is $25,000) | [ ] Counter [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: DEPT.: | |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[x] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [x] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. [x] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [x] punitive
4. Number of causes of action *(specify):* 5
5. This case [ ] is  [x] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: 03/06/2020

Brandon S. Reif
_____
(TYPE OR PRINT NAME)

▶ *Brandon S. Reif*
_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
*www.courts.ca.gov*

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) *(if the*
    *case involves an uninsured*
    *motorist claim subject to*
    *arbitration, check this item*
    *instead of Auto)*
**Other PI/PD/WD (Personal Injury/**
**Property Damage/Wrongful Death)**
**Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
        Wrongful Death
Product Liability *(not asbestos or*
    *toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice–
        Physicians & Surgeons
    Other Professional Health Care
        Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
        and fall)
    Intentional Bodily Injury/PD/WD
        (e.g., assault, vandalism)
    Intentional Infliction of
        Emotional Distress
    Negligent Infliction of
        Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) *(not civil*
    *harassment)* (08)
Defamation (e.g., slander, libel)
    (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
        *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
        Contract *(not unlawful detainer*
        *or wrongful eviction)*
    Contract/Warranty Breach–Seller
        Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
        Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
        Case
Insurance Coverage *(not provisionally*
    *complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent*
    *domain, landlord/tenant, or*
    *foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal*
    *drugs, check this item; otherwise,*
    *report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
        Case Matter
    Writ–Other Limited Court Case
        Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
        Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.**
**Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    *(arising from provisionally complex*
    *case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of
        County)
    Confession of Judgment *(non-*
        *domestic relations)*
    Sister State Judgment
    Administrative Agency Award
        *(not unpaid taxes)*
    Petition/Certification of Entry of
        Judgment on Unpaid Taxes
    Other Enforcement of Judgment
        Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified*
    *above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-*
        *harassment)*
    Mechanics Lien
    Other Commercial Complaint
        Case *(non-tort/non-complex)*
    Other Civil Complaint
        *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition *(not specified*
    *above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
        Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
        Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

<table>
<tr><td></td><td>FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE)</td></tr>
</table>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
PENN MUTUAL LIFE INSURANCE COMPANY, a Pennsylvania corporation;

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
GEORGE HARVEY and LINDA HARVEY, individually and on behalf of their joint and individual retirement accounts

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Downtown Superior Court, 191 North First Street, San Jose, CA 95113

CASE NUMBER: *(Número del Caso):*

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Brandon S. Reif, 1925 Century Park East, Ste. 1700, Los Angeles, CA 90067

| DATE:<br>*(Fecha)* | 03/06/2020 | Clerk, by<br>*(Secretario)* | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010).)*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [x] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [ ] on behalf of *(specify):*

   under: [ ] CCP 416.10 (corporation)      [ ] CCP 416.60 (minor)
   [ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
   [ ] CCP 416.40 (association or partnership)   [ ] CCP 416.90 (authorized person)
   [ ] other *(specify):*
4. [ ] by personal delivery on *(date)*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100  [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

E-FILED
3/6/2020 4:44 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
20CV364939
Reviewed By: P. Lai
Envelope: 4135721

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):* PARAMOUNT FINANCIAL SERVICES, INC., a Utah corporation dba UTAH PARAMOUNT FINANCIAL INSURANCE SERVICES and dba LIVE ABUNDANT

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

GEORGE HARVEY and LINDA HARVEY, individually and on behalf of their joint and individual retirement accounts

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Downtown Superior Court, 191 North First Street, San Jose, CA 95113

CASE NUMBER: *(Número del Caso):*

20CV364939

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Brandon S. Reif, 1925 Century Park East, Ste. 1700, Los Angeles, CA 90067

| DATE: | Clerk, by | , Deputy |
|---|---|---|
| *(Fecha)* 03/06/2020   Clerk of Court | *(Secretario)* P. Lai | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010).)*


[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. [x] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [ ] on behalf of *(specify):*

   under: [ ] CCP 416.10 (corporation)      [ ] CCP 416.60 (minor)
   [ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
   [ ] CCP 416.40 (association or partnership)   [ ] CCP 416.90 (authorized person)
   [ ] other *(specify):*
4. [ ] by personal delivery on *(date)*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100  [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

E-FILED
3/6/2020 4:44 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
20CV364939
Reviewed By: P. Lai
Envelope: 4135721

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
DOUGLAS ANDREW, an individual;

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

GEORGE HARVEY and LINDA HARVEY, individually and on behalf of their joint and individual retirement accounts

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero o bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es)*: Downtown Superior Court, 191 North First Street, San Jose, CA 95113 | CASE NUMBER: *(Número del Caso):* **20CV364939** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Brandon S. Reif, 1925 Century Park East, Ste. 1700, Los Angeles, CA 90067

| DATE: *(Fecha)* 03/06/2020 | Clerk of Court | Clerk, by *(Secretario)* P. Lai | , Deputy *(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010).)*



[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [x] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [ ] on behalf of *(specify):*

    under: [ ] CCP 416.10 (corporation)        [ ] CCP 416.60 (minor)
           [ ] CCP 416.20 (defunct corporation)    [ ] CCP 416.70 (conservatee)
           [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
           [ ] other *(specify):*
4. [ ] by personal delivery on *(date)*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*  KARL M. NELSON, an individual

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

GEORGE HARVEY and LINDA HARVEY, individually and on behalf of their
joint and individual retirement accounts

E-FILED
3/6/2020 4:44 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
20CV364939
Reviewed By: P. Lai
Envelope: 4135721

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*  Downtown Superior Court, 191 North First Street,<br>San Jose, CA 95113 | CASE NUMBER: *(Número del Caso):*<br>20CV364939 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Brandon S. Reif, 1925 Century Park East, Ste. 1700, Los Angeles, CA 90067

| DATE:<br>*(Fecha)*  03/06/2020 | Clerk of Court | Clerk, by<br>*(Secretario)* P. Lai | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*



[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. [x] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [ ] on behalf of *(specify):*

   under: [ ] CCP 416.10 (corporation)        [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
          [ ] other *(specify):*
4. [ ] by personal delivery on *(date)*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

**ATTACHMENT CV-5012**

# CIVIL LAWSUIT NOTICE

**Superior Court of California, County of Santa Clara**
**191 North First St., San José, CA  95113**

CASE NUMBER: 20CV364939

## PLEASE READ THIS ENTIRE FORM

*PLAINTIFF* (the person suing):  Within 60 days after filing the lawsuit, you must serve each Defendant with the *Complaint, Summons,* an *Alternative Dispute Resolution (ADR) Information Sheet,* and a copy of this *Civil Lawsuit Notice,* and you must file written proof of such service.

---

*DEFENDANT* (The person sued):  **You must do each of the following to protect your rights:**

1.  You must file a **written response** to the *Complaint, using the proper legal form or format,* in the Clerk's Office of the Court, within **30 days** of the date you were served with the *Summons* and *Complaint;*
2.  You must serve by mail  a copy of your written response on the  Plaintiff's attorney or on the Plaintiff if Plaintiff has no attorney (to "serve by mail" means to have an adult other than yourself mail a copy); and
3.  You must attend the first Case Management Conference.

    **Warning:  If you, as the Defendant, do not follow these instructions, you may automatically lose this case.**

---

*RULES AND FORMS:*   You must follow the California Rules of Court and the Superior Court of California, County of <_CountyName_> Local Civil Rules and use proper forms.  You can obtain legal information, view the rules and receive forms, free of charge, from the Self-Help Center at 201 North First Street, San José (408-882-2900 x-2926).

- State Rules and Judicial Council Forms:  www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms:  http://www.sccsuperiorcourt.org/civil/rule1toc.htm

*CASE MANAGEMENT CONFERENCE (CMC):*   You must meet with the other parties and discuss the case, in person or by telephone at least 30 calendar days before the CMC.  You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.

*You or your attorney must appear at the CMC.  You may ask to appear by telephone – see Local Civil Rule 8.*

Your Case Management Judge is: Barrett, Thang N        Department: 21

The 1st CMC is scheduled for: (Completed by Clerk of Court)
Date: 7/7/2020    Time: 3:45pm    in Department: 21

The next CMC is scheduled for: (Completed by party if the 1st CMC was continued or has passed)
Date: _____    Time: _____    in Department: _____

*ALTERNATIVE DISPUTE RESOLUTION (ADR):*   If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at www.sccsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

*WARNING:* Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

---

**POS-015**

| | | |
|---|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY:   STATE BAR NO: 214706 | | FOR COURT USE ONLY |

ATTORNEY OR PARTY WITHOUT ATTORNEY:   STATE BAR NO: 214706

NAME: Brandon S. Reif

FIRM NAME: REIF LAW GROUP, P.C.

STREET ADDRESS: 1925 Century Park East, Suite 1700

CITY: Los Angeles   STATE: CA   ZIP CODE: 90067

TELEPHONE NO.: 310-494-6500   FAX NO.:

E-MAIL ADDRESS: docket@reiflawgroup.com

ATTORNEY FOR (Name):   Plaintiffs George and Linda Harvey

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Santa Clara

STREET ADDRESS: 191 N. First Street

MAILING ADDRESS:

CITY AND ZIP CODE: San Jose, CA 95113

BRANCH NAME: Hall of Justice

Plaintiff/Petitioner: George Harvey and Linda Harvey

Defendant/Respondent: Penn Mutual Life Insurance Company, et al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:   20CV364939 |
|---|---|

TO *(insert name of party being served):*   Penn Mutual Life Insurance Company, et al.

## NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing:   March 20, 2020

Brandon S. Reif

(TYPE OR PRINT NAME)

▶

(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

## ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing):*

1.  [ x ] A copy of the summons and of the complaint.
2.  [ ] Other *(specify):*

*(To be completed by recipient):*

Date this form is signed:   Apr. 19 2020

Larry Mark Golub, Attorney for Defendant Penn Mutual Life

(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,   M.S. Co.
ON WHOSE BEHALF THIS FORM IS SIGNED)

▶

(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL

Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

**POS-015**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY:        STATE BAR NO: 214706<br>NAME: Brandon S. Reif<br>FIRM NAME: REIF LAW GROUP, P.C.<br>STREET ADDRESS: 1925 Century Park East, Suite 1700<br>CITY: Los Angeles       STATE: CA       ZIP CODE: 90067<br>TELEPHONE NO.: 310-494-6500       FAX NO. :<br>E-MAIL ADDRESS: docket@reiflawgroup.com<br>ATTORNEY FOR (Name): Plaintiffs George and Linda Harvey | _FOR COURT USE ONLY_<br><br>**Electronically Filed<br>by Superior Court of CA,<br>County of Santa Clara,<br>on 4/24/2020 3:46 PM<br>Reviewed By: L. Quach-Marcellana<br>Case #20CV364939<br>Envelope: 4285063** |

| |
|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Santa Clara |
| STREET ADDRESS: 191 N. First Street |
| MAILING ADDRESS: |
| CITY AND ZIP CODE: San Jose, CA 95113 |
| BRANCH NAME: Hall of Justice |

| | |
|---|---|
| Plaintiff/Petitioner: George Harvey and Linda Harvey<br>Defendant/Respondent: Penn Mutual Life Insurance Company, et al. | |
| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | CASE NUMBER:<br>20CV364939 |

TO (insert name of party being served): Karl M. Nelson

---

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

---

Date of mailing: March 20, 2020

| | |
|---|---|
| Brandon S. Reif<br>(TYPE OR PRINT NAME) | *Brandon S. Reif*<br>(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE) |

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing):*

1. [x] A copy of the summons and of the complaint.
2. [ ] Other *(specify):*

*(To be completed by recipient):*

Date this form is signed: April 10, 2020

| | |
|---|---|
| Jacob L. Fonnesbeck, Attorney for Defendants<br>(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,<br>ON WHOSE BEHALF THIS FORM IS SIGNED) | *Jacob L. Fonnesbeck*<br>(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF<br>ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY) |

Page 1 of 1

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

**POS-015**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY:      STATE BAR NO: 214706<br>NAME: Brandon S. Reif<br>FIRM NAME: REIF LAW GROUP, P.C.<br>STREET ADDRESS: 1925 Century Park East, Suite 1700<br>CITY: Los Angeles      STATE: CA      ZIP CODE: 90067<br>TELEPHONE NO.: 310-494-6500      FAX NO. :<br>E-MAIL ADDRESS: docket@reiflawgroup.com<br>ATTORNEY FOR (Name): Plaintiffs George and Linda Harvey | FOR COURT USE ONLY<br><br>**Electronically Filed<br>by Superior Court of CA,<br>County of Santa Clara,<br>on 4/24/2020 3:46 PM<br>Reviewed By: L. Quach-Marcellana<br>Case #20CV364939<br>Envelope: 4285063** |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Santa Clara
STREET ADDRESS: 191 N. First Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME: Hall of Justice

Plaintiff/Petitioner: George Harvey and Linda Harvey
Defendant/Respondent: Penn Mutual Life Insurance Company, et al.

| | |
|---|---|
| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | CASE NUMBER:<br>20CV364939 |

TO *(insert name of party being served):* Douglas Andrew

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: March 20, 2020

Brandon S. Reif           ▶ *Brandon S. Reif*
(TYPE OR PRINT NAME)           (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing):*

1. [x] A copy of the summons and of the complaint.
2. [ ] Other *(specify):*

*(To be completed by recipient):*

Date this form is signed: April 10, 2020

Jacob L. Fonnesbeck, Attorney for Defendants      ▶ *Jacob L. Fonnesbeck*
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,      (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)      ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | **NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL** | Code of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov |

**POS-015**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY:　　STATE BAR NO: 214706 <br> NAME: Brandon S. Reif <br> FIRM NAME: REIF LAW GROUP, P.C. <br> STREET ADDRESS: 1925 Century Park East, Suite 1700 <br> CITY: Los Angeles　　　　　STATE: CA　　ZIP CODE: 90067 <br> TELEPHONE NO.: 310-494-6500　　FAX NO. : <br> E-MAIL ADDRESS: docket@reiflawgroup.com <br> ATTORNEY FOR (Name): Plaintiffs George and Linda Harvey | *FOR COURT USE ONLY* <br> **Electronically Filed <br> by Superior Court of CA, <br> County of Santa Clara, <br> on 4/24/2020 3:46 PM <br> Reviewed By: L. Quach-Marcellana <br> Case #20CV364939 <br> Envelope: 4285063** |

| |
|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Santa Clara <br> STREET ADDRESS: 191 N. First Street <br> MAILING ADDRESS: <br> CITY AND ZIP CODE: San Jose, CA 95113 <br> BRANCH NAME: Hall of Justice |

| |
|---|
| Plaintiff/Petitioner: George Harvey and Linda Harvey <br> Defendant/Respondent: Penn Mutual Life Insurance Company, et al. |

| | |
|---|---|
| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | CASE NUMBER: <br> 20CV364939 |

TO (insert name of party being served): Paramount Financial Services, Inc.

---

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

---

Date of mailing: March 20, 2020

　　　　Brandon S. Reif　　　　　　　　　　▶　*Brandon S. Reif*
　　　　(TYPE OR PRINT NAME)　　　　　　　　　(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing):*

1. [x] A copy of the summons and of the complaint.
2. [ ] Other *(specify):*

*(To be completed by recipient):*

Date this form is signed: April 10, 2020

Jacob L. Fonnesbeck, Attorney for Defendants　　　　　　　▶　*Jacob L. Fonnesbeck*
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,　　　　(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)　　　　　　　ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

**Page 1 of 1**

| | | |
|---|---|---|
| Form Adopted for Mandatory Use <br> Judicial Council of California <br> POS-015 [Rev. January 1, 2005] | **NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL** | Code of Civil Procedure, <br> §§ 415.30, 417.10 <br> www.courtinfo.ca.gov |